**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DAGOBERTO CHAVEZ-ROMERO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 08-70347 <br><br> Agency No. A098-404-206 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE and FISHER, Circuit Judges.

Jose Dagoberto Chavez-Romero, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

MVD/Inventory

withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Chavez-Romero failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *See Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus* at 745-46; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.") Because Chavez-Romero's asylum claim fails based on lack of nexus to a protected ground, we need not consider the government's contentions that he waived his challenges to the Board's finding of no past persecution or fear of future persecution, or Chavez-Romero's challenge to the Board's finding he could internally relocate.

Because Chavez-Romero has not "specifically and distinctly argued and raised" the issue of CAT relief, he has waived that claim. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**